Shaw C. J.
afterward drew up the opinion of the Court. The plaintiff having shown a good right to recover upon a promissory note, was entitled to a verdict, unless the defendant could establish some legal defence. In order to prove payment, in whole or in part, the defendant offered to show that a mortgage, bearing even date with the note, was given for its security, and that the plaintiff had been in the possession of the estate, and that the rents and profits, and the value of the estate itself, were more than the amount of the note.
It is now a well settled rule of law in Massachusetts, that where a bond or simple contract debt is secured by mortgage, and the mortgagee enters for condition broken, and proceeds to foreclosure so as to hold the land free of redemption, he shall be deemed to have taken it in payment, and if the value of the land equals or exceeds the debt, it shall extinguish it ; otherwise it shall enure by way of payment pro tanto, and the value shall be ascertained by appraisement, when suit is brought for *389 the debt.[1] Newhall v. Wright, 3 Mass. R. 150 ; Amory v. Fairbanks, 3 Mass. R. 562. Had the plaintiff entered and foreclosed the mortgage given as a security for this debt, it would have been competent evidence of payment under the rule.
But it appears from the facts, that the same premises were conveyed by two distinct mortgage deeds to the Plymouth bank by the defendant, to secure debts to them. One of these preceded, and the other was after that given to the plaintiff. It further appears that the bank entered under a judgment on their mortgages, by an habere facias, in November 1817, and of course, their title became absolute in November 1820. In December 1821, the bank released to thes plaintiff. By this conveyance he obtained an absolute title wholly independent of his own mortgage. Before this deed of the bank to him, he as well as the mortgager was foreclosed by the judgment in favor of the bank, and the lapse of three years.
There is therefore'no evidence, and no presumption, that he ever entered under his own mortgage, and he cannot therefore be held to account either for the value of the estate, as having foreclosed, or for rents and profits, as having been in under his mortgage. The evidence was therefore rightly rejected, having no tendency to show a payment, and there must be judgment on the verdict.

 See Revised Stat. c. 107, § 33; West v. Chamberlain, 8 Pick. 336; Briggs v. Richmond, post, 396